UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| STANLEY BAKER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|                      vs. | )    Case No. 1:20CV231 SNLJ |
| | ) |
| UNION PACIFIC RAILROAD, | ) |
| | ) |
|     Defendant. | ) |

**MEMORANDUM and ORDER**

Plaintiff Stanley Baker brought this personal injury lawsuit against defendant Union Pacific Railroad Company.  Defendant has moved to dismiss based on lack of personal jurisdiction [#7].  Plaintiff has not filed a brief in opposition, and the time for doing so has passed.

**I.    Background**

According to the complaint, plaintiff was employed by defendant as a "maintenance of way laborer."  He alleges that defendant is a common carrier by rail engaged in interstate commerce in Dexter, Missouri and Paducah, Kentucky and that the defendant is thus governed by the Federal Employers' Liability Act, 45 U.S.C. §§ 51-60.  Plaintiff states that on May 3, 2018, he was assigned to his position in Dexter, Missouri, when he was "transferred emergently" to Paducah, Kentucky.  He state that he "was injured while installing a communication system in a motel used by [defendant] in Paducah" and suffered severe and permanent injuries while "moving equipment."

Plaintiff claims that defendant committed one or more negligent acts by failing to provide adequate manpower to move the equipment, failing to train co-workers, failing to warn plaintiff of reasonably foreseeable hazardous conditions, and other acts or failures.

Defendant has moved to dismiss for lack of personal jurisdiction.

## II.   Discussion

In a diversity action such as this one, the Court "may assume jurisdiction over the nonresident defendants only to the extent permitted by the long-arm statute of the forum state and by the Due Process Clause." *Romak USA, Inc. v. Rich*, 384 F.3d 979, 984 (8th Cir. 2004).

To survive a motion to dismiss for lack of personal jurisdiction, the non-moving party need only make a prima facie showing of jurisdiction; that is, the "plaintiff must state sufficient facts in the complaint to support a reasonable inference that defendants may be subjected to jurisdiction in the forum state." *Steinbuch v. Cutler*, 518 F.3d 580, 585 (8th Cir. 2008).

Personal jurisdiction may be either general or specific. *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S. Ct. 1773, 1780 (2017) ("*BMS*").  The exercise of general jurisdiction over a corporation may take place where "the corporation is fairly regarded as at home." *Id.* (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011)).  "A court with general jurisdiction may hear any claim against that defendant, even if all the incidents underlying the claim occurred in a different State." *Id.*  Here, because defendant is a Delaware corporation with its central operations and principal place of business in Nebraska, defendant

2

maintains it is not "at home" in Missouri. Defendant further notes that its activities in Missouri do not render it also "at home" in Missouri: defendant operates in 23 states and employs only 5.3% of its workforce in Missouri; revenues in Missouri are only 4.4% of its overall company-wide revenues; and defendant's rail system in Missouri comprises just 4.76% of its overall track mileage. In *BNSF Railway Co. v. Tyrrell*, 137 S. Ct. 1549, 1554 (2017), the United States Supreme Court found statistics similar to those here to be insufficient to conclude that BNSF was subject to general personal jurisdiction in Montana. *See also Norfolk Southern Ry. Co. v. Dolan*, 512 S.W.3d 41 (Mo. banc 2017). *Tyrrell* also established that FELA does not aid plaintiff, as it held that FELA did not address, let alone confer, personal jurisdiction over a railroad where general or specific jurisdiction does not otherwise exist. 137 S. Ct. at 1558.

"Specific jurisdiction is very different. In order for a state court to exercise specific jurisdiction, 'the suit' must 'aris[e] out of or relat[e] to the defendant's contacts with the forum.'" *BMS*, 137 S. Ct. at 1780 (quoting *Daimler AG v. Bauman*, 134 S.Ct. 746,754 (2014)). Defendant suggests that specific jurisdiction is not possible here because the complaint establishes that the injury and conduct at issue occurred in Kentucky, not in Missouri. Although plaintiff alleges that he was assigned to his position in Dexter, Missouri and that defendant engages in interstate commerce in Dexter, Missouri, he alleges he was injured in Kentucky. He does not plead that he was injured by any wrongful acts or negligent conduct in Missouri. Plaintiff has not met his burden to establish that defendant is subject to either general or specific jurisdiction in Missouri, and thus the defendant's motion will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's Motion to Dismiss [#7] is **GRANTED**.

Dated this 19th day of January, 2021.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE